UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY W. MABRY, | No. 09–12154 |
| Plaintiff, | District Judge Stephen J. Murphy |
| v. | Magistrate Judge R. Steven Whalen |
| AMERIQUEST MORTGAGE COMPANY, *et. al.* | |
| Defendants. | |

# REPORT AND RECOMMENDATION

Before the Court is *Defendant Potestivo & Associates, P.C.'s Motion to Dismiss or, in the Alternative, for Summary Judgment* [Docket #12], filed June 25, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing Potestivo & Associates, P.C. WITH PREJUDICE.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Larry W. Mabry, Jr. filed suit on June 3, 2009, bringing claims under the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq.*("FDCPA"), the Fourteenth Amendment, and a state law claim of Intentional Infliction of Emotional Distress ("IIED"). These claims stem from foreclosure proceedings on Plaintiff's investment property located at 514 Williams Street in Kalamazoo, Michigan.

On July 3, 2003, Plaintiff executed a mortgage on the Williams Street property in favor of Defendant Ameriquest Mortgage Company ("Ameriquest"). *Defendant's Motion, Docket #12, Exhibit 1.* On February 11, 2009, the mortgage was assigned to Defendant Deutsche Bank National Trust Company, acting as Trustee for Defendant Ameriquest

-1-

Mortgage Securities, Inc. *Id., Exhibit* 2. The mortgage was reassigned on May 1, 2009 to Deutsche Bank National Trust Company "as Trustee in trust for the benefit of the Certificate holders for Asset-Backed Pass Through Certificates Series 2003-9 ('Deutsche Bank for Certificateholders')." *Id., Exhibit 3.* Potestivo states that "[u]pon information and belief, Defendant American Home Mortgage Servicing, Inc." ("AHMSI") "services the loan for Deutsche Bank for Ceritificateholders." *Id.* Upon Plaintiff's alleged default under the terms of the loan, Potestivo, a Rochester Hills, Michigan law firm, was retained to process the foreclosure pursuant to M.C.L. § 600.3201. *Id.* On May 5, 2009, Potestivo submitted a foreclosure notice for publication. *Id., Exhibit 4.* Potestivo also posted the notice of foreclosure at the Williams Street property on May 11, 2009. *Id., Exhibit 5.* On May 18, 2009, Plaintiff sent a copy of a request for "validation" of the mortgage to AHMSI, also sending a copy of the correspondence to Potestivo. *Id., Exhibit 6.* The foreclosure sale, originally set for June 11, 2009, was adjourned until June 18, then a second time to June 25. A review of Plaintiff's most recent submission in the case indicates that the foreclosure sales had not occurred as of November 2, 2010. *Plaintiff's Objection to Motion for Protective Order, Docket #43*.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether,

as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the complaint's sufficiency, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III.   ANALYSIS

### A.  15 U.S.C. 1692g

Potestivo argues that it is not a "debt collector" as defined by the FDCPA and thus, claims brought under the Act should be dismissed. *Defendant's Brief* at 6-10, *Docket #12*. Instead, Potestivo, a law firm hired to process the foreclosure against Plaintiff, argues primarily that its role in the foreclosure was limited to "enforcing a security interest." *Id.* at 7.

In regard to disputed debts, 15 U.S.C. 1692g(b) states as follows:

> "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

Plaintiff, disputing the terms of the mortgage, hangs his hat on this statutory requirement that a debt collector must validate a debt upon request of the consumer. Ignoring the fact that the May 18, 2009 validation request was directed to AHMSI and only *copied* to Potestivo, he contends that Potestivo was obligated to comply with his request to validate the mortgage debt. He apparently faults Potestivo for not immediately postponing the June 11, 2009 foreclosure sale upon the receipt of the validation request.

Under the facts of this case, Postestivo is not a "debt collector," and thus is not subject to the "validation" requirements of 1692g(b). Postestivo's attempt to enforce its client's security interests, with nothing more, is insufficient to show that it was a "debt collector." *Montgomery v. Huntington Bank,* 346 F.3d 693, 699 -701 (6th Cir. 2003)(*citing Jordan v. Kent Recovery Serv., Inc.,* 731 F.Supp. 652, 656 (D.Del.1990))(while firms asserting security interests are subject to the requirements of § 1692f(6), the statutory obligations of "debt collectors" set forth in 1692g(b) are inapplicable to entities asserting security interests). Plaintiff does not allege violations of §1692f(6).

While case law from this district has observed that the enforcer of a security interest

may in some instances serve a dual role as a "debt collector," and thus be subject to the requirements of §1692g(b), Plaintiff does not allege that Potestivo acted in any capacity outside its attempt to enforce a security interest. While in fact, the public foreclosure notice identifies Postestivo as a "debt collector," *Defendant's Exhibit 4*, Potestivo points out that its actions were within the ambit of an enforcer of a security interest and "did not demand the collection of a debt" from Plaintiff at any time. *Defendant's Exhibit 6. See Termarsch v. Fabrizio & Brook, P.C.*, 2006 WL 3086933, *2 (E.D.Mich. 2006)(Duggan, J.).

Moreover, even if the Court were to find that Postestivo was a "debt collector" and thus subject to the obligations of §1692(b), its response to Plaintiff's May 18, 2009 request for a "validation" of the debt shows as a matter of law that the law firm complied with the requirements of a "debt collector" under the Act. In response to Plaintiff's contention that it had not validated the loan, Potestivo, while not conceding its position that it was *not* a debt collector, complied with Plaintiff's validation request on June 25, 2009.[1] *Reply, Docket #23, Exhibit A*. Plaintiff's Objection to Motion for Protective order [Docket #43] shows that the foreclosure, first scheduled for June 11, 2009 had not yet taken place as of November 2, 2009. The 30-day period set forth for review of a validation request under § 1692g(b) has

---

[1]Potestivo's verification consists of the name of the borrower, the property address, origination date, loan amount, current mortgagee and address, original mortgagee and address. *Docket #23-2* at 2. Assuming that Potestivo is a "debt collector," the information provided would be sufficient under the statute. "'[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed files of the alleged debt.'" *Rudek v. Frederick J. Hanna & Associates,* P.C. 2009 WL 385804, *2 (E.D.Tenn. 2009)(*citing Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir.1999). "[V]erification is only intended to 'eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Id.* at *3 (*citing Chaudhry,*at 406). "'There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.'" *Id.*

long passed. As such, even assuming for the sake of argument that Potestivo is a "debt collector," the firm has shown that it complied with the requirements of the Act in processing this foreclosure.

### B. IIED

Count II of the Complaint alleges a state law claim of intentional infliction of emotional distress. To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The IIED claims are subject to dismissal. This case revolves around a mortgage foreclosure action and an action for possession in state court, following Plaintiff's alleged default on the mortgage. Plaintiff's theory that the law firm did not comply with the FDCPA does not constitute "outrageous behavior." Further, he has not pled addition facts that under the *Graham* and *Roberts* standard, would constitute "outrageous" conduct.

### C. Due Process Violations

Likewise, Plaintiff's claims that the foreclosure action violated his Fourteenth

Amendment due process rights is without merit. In *Ray v. Oakland County Drain Commission,* 2004 WL 2320325, *1 (6th Cir. 2004) the Sixth Circuit, citing *Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994), noted that "'[t]he constitutionality of foreclosure by advertisement has been reviewed and has been held valid previously by the Michigan Court of Appeals . . . the Michigan Supreme Court[,] and the United States Court of Appeals for the Sixth Circuit.'" ( punctuation omitted). *Ray,* also citing *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 28-29 (6th Cir.1975), observed that "[d]espite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure . . . no state action existed for Fourteenth Amendment purposes." *Id.* Because Plaintiff cannot show that Potestivo was a "state actor," the due process claims must be dismissed.

### III.  CONCLUSION

For these reasons,  I recommend that the Defendant Potestivo's motion [Docket #12] be GRANTED, dismissing claims against Potestivo & Associates, P.C. WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith*

*v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 24, 2010.

S/G. Wilson
Judicial Assistant
