UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY W. MABRY,  No. 09–12154

    Plaintiff,  District Judge Stephen J. Murphy

v.  Magistrate Judge R. Steven Whalen

AMERIQUEST MORTGAGE COMPANY,
*et. al.*

    Defendants.
                                               /

**REPORT AND RECOMMENDATION**

Before the Court is *Defendants Ameriquest Mortgage Company and Ameriquest Mortgage Securities, Inc.'s Motion for Judgment on the Pleadings* [Docket #26], filed August 24, 2009, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing these Defendants WITH PREJUDICE.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND[1]**

Plaintiff Larry W. Mabry, Jr. filed suit on June 3, 2009, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"), the Fourteenth Amendment, and a state law claim of Intentional Infliction of Emotional Distress ("IIED"), regarding foreclosure proceedings on his income property located at 514 Williams Street in Kalamazoo, Michigan.

On July 3, 2003, Plaintiff executed a mortgage on the Williams Street property in

---

[1]The Factual and Procedural background is drawn in large part from a recent Report, recommending dismissal of Defendant Potestivo & Associates, P.C. with prejudice. *Docket #44.* Likewise, citations to the relevant exhibits are taken primarily from Postestivo's *Motion to Dismiss or, in the Alternative, for Summary Judgment* [Docket #12].

favor of Defendant Ameriquest Mortgage Company ("Ameriquest").  *Defendant Potestivo & Associates, P.C.'s Motion to Dismiss or, in the Alternative, for Summary Judgment, Docket #12, Exhibit 1*.  In September, 2007, Defendant Citi Residential Lending Inc. took over the servicing of the mortgage. *Defendants Ameriquest Mortgage Company and Americquest Mortgage Securities, Inc.'s Motion for Judgment on the Pleadings, Docket #26,* Exhibit 1.  On February 11, 2009, the mortgage was assigned to Defendant Deutsche Bank National Trust Company, acting as Trustee for Defendant Ameriquest Mortgage Securities, Inc. *Potestivo's Brief, Docket #12, Exhibit* 2.  The mortgage was reassigned on May 1, 2009 to Deutsche Bank National Trust Company "as Trustee in trust for the benefit of the Certificateholders for Asset-Backed Pass Through Certificates Series 2003-9 ('Deutsche Bank for Certificateholders')." *Id., Exhibit 3*. Upon "information and belief," Defendant American Home Mortgage Servicing, Inc." ("AHMSI") currently "services the loan for Deutsche Bank for Ceritificateholders." *Id.*  Upon Plaintiff's alleged default under the terms of the loan, Potestivo, a Rochester Hills, Michigan law firm, was retained to process the foreclosure pursuant to M.C.L. § 600.3201. *Id.*  On May 5, 2009, Potestivo submitted a foreclosure notice for publication.  *Id., Exhibit 4*.   Potestivo also posted the notice of foreclosure at the Williams Street property on May 11, 2009. *Id., Exhibit 5*.  On May 18, 2009, Plaintiff sent a copy of a request for "validation" of the mortgage to AHMSI, also sending a copy of the correspondence to Defendant Potestivo & Associates. *Id., Exhibit 6.* The foreclosure sale, originally set for June 11, 2009, was adjourned until June 18, then a second time to June 25.  A review of Plaintiff's most recent submission in the case indicates that the foreclosure sales had not occurred as of November 2, 2010. *Plaintiff's Objection to Motion for Protective Order, Docket #43.*

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is analyzed under the standards for dismissal stated in Rule 12(b)(6).[2] *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

---

[2]Defendants properly brought motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) rather than a motion to dismiss under Rule 12(b)(6). "[A] motion under Rule 12(b)(6) could not properly lie" because Rule 12(b) requires that "[a] motion making any of these defenses shall be made before pleading." *Scheid, supra,* 859 F.2d at 436; Fed.R.Civ.P. 12(b).

-3-

shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing

"evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. ANALYSIS[3]

#### A. 15 U.S.C. 1692a(6)(f)(iii)

AMC and AMS, henceforth referred to as "AMC Defendants," argue that the FDCPA claim is dismissible on its face. First, they point out that "Plaintiff provides no factual basis" for his allegations of FDCPA violations against them. *Defendants' Brief* at 5, *Docket #26*. Second, noting that they "have had no interaction with Plaintiff since Defendant Citi Residential Lending Inc. [("CitiRL")] began servicing of the loan in September, 2007," they argue that the claim is beyond the one-year statute of limitations set forth in 15 U.S.C. §1692k. *Id.*, *Docket #26,* Exhibit 1. Third, AMC Defendants contend that under §1692a(6)(F)(iii), they fall outside the definition of a "debt collector" and are thus not liable under the statute. *Id.* at 6.

Under the FDCPA, only "debt collectors" are subject to liability. *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 -699 (6th Cir. 2003)(finding that the defendant bank fell "within the exception of" § 1692a(6)(F)(iii)); *see also, Waddlington v. Credit Acceptance Corp.,* 76 F.3d 103, 104 (6th Cir. 1996). Section 1692a(6) states that the term "debt collector" excludes "(F) any person collecting or attempting to collect any debt owed or due or asserted

---

[3]The Complaint contains three counts: 1) violations of the FDCPA 2) claims of IIEM 3) Due Process violations. Plaintiff's *Response* to the present motion claims that the Complaint also contains allegations of wire fraud, bank fraud, constructive fraud, and "breaching" of the corporate veil. *Response* at 1*, Docket #39* at pg. 5 of 24. In fact, the Complaint contains the none of the latter stated claims.

to be owed or due another to the extent such activity . . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."

Plaintiff does not dispute that the mortgage was not in default in September, 2007 when servicing of the account was handed over to Defendant CitiRL. Thus, because any activity by AMC Defendants' on the account would have occurred well before the mortgage default, they would be excluded from the statutory definition of "debt collectors."

Aside from the absence of specific factual allegations against present Defendants, they correctly note that under 1692k(d), an enforcement action must be brought "within one year from the date on which the violation occurs."[4] While Plaintiff claims violations of the Act occurring within the one year period prior to filing suit on June 3, 2009, he fails to allege improprieties by AMC Defendants during this time frame.

Accordingly, FDCPA claims against AMC Defendants should be dismissed.

**B. IIED**

Count II of the Complaint alleges a state law claim of intentional infliction of emotional distress. To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance*

---

[4]While *servicing* of the mortgage was assigned to CitiRL in September, 2007, it is unclear whether either or both of present Defendants retained an interest in the mortgage within the one-year period before Plaintiff filed suit. *Docket #12, Exhibits 2, 3.* Nonetheless, as interest holders in the mortgage, they would be exempt from liability under FDCPA. § 1692a(6)(F)(ii). *McCall v. GMAC Mortg. Corp.* 2007 WL 1201535, *1-2 (E.D.Mich. 2007)(Feikens, J.).

*Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The IIED claims, construed to allege that Plaintiff was traumatized by the fact that his mortgage payments were raised by 10 dollars a month and/or the prospective foreclosure on his income property, are subject to dismissal. This case revolves around a mortgage foreclosure action and an action for possession in state court, following Plaintiff's alleged default on the mortgage. Present Defendants' direct interaction with Plaintiff ended over a year before either the payment hike or default. *See Defendant Citi Residential Lending Inc.'s Motion for Judgment on the Pleadings or for Summary Judgment, Docket #36, Exhibit 5 at pg. 2.* Even assuming that present Defendants were both subject to the requirements of the FDCPA and had failed to comply with the Act, their actions, by themselves, would not constitute "outrageous behavior."

### C. Due Process Violations

Plaintiff's claim that either the mortgage payment hike or foreclosure action violated his Fourteenth Amendment due process rights is without merit. "[A] due process violation is cognizable only when 'the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the state.'" *King v. IB Property Holdings Acquisition,* 635

F.Supp.2d 651, 659 (E.D.Mich.,2009)(Rosen, J.)(*citing Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). As a matter of law, Plaintiff cannot show that present Defendants, a mortgage company and a securities firm, were "state actors."

Plaintiff's claims that the foreclosure procedure was constitutionally deficient are also meritless. In *Ray v. Oakland County Drain Commission,* 2004 WL 2320325, *1 (6th Cir. 2004) the Sixth Circuit, citing *Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994), noted that "'[t]he constitutionality of foreclosure by advertisement has been reviewed and has been held valid previously by the Michigan Court of Appeals . . . the Michigan Supreme Court[,] and the United States Court of Appeals for the Sixth Circuit.'" (punctuation omitted). *Ray,* also citing *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 28-29 (6th Cir.1975), observed that "[d]espite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure . . . no state action existed for Fourteenth Amendment purposes." *Id* As such, to the extent that Plaintiff implicates present Defendants in the foreclosure process, due process claims must be dismissed.

### III. CONCLUSION

For these reasons, I recommend that the motion for judgment on the pleadings [Docket #26] be GRANTED, dismissing claims against these Defendants WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 26, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 26, 2010.

S/G. Wilson<br>
Judicial Assistant