UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY W. MABRY,

    Plaintiff,

v.

AMERIQUEST MORTGAGE COMPANY,
*et. al.*

    Defendants.
                                                    /

No. 09–12154

District Judge Stephen J. Murphy

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

Before the Court is Defendant Citi Residential Lending Inc.'s Motion for Summary Judgment on the Pleadings or for Summary Judgment [Docket #36], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be GRANTED, dismissing this Defendant WITH PREJUDICE.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Larry W. Mabry, Jr. filed suit on June 3, 2009, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, the Fourteenth Amendment, and a state law claim of Intentional Infliction of Emotional Distress ("IIED") regarding foreclosure proceedings on his income property located at 514 Williams Street in Kalamazoo, Michigan.

On July 3, 2003, Plaintiff executed a mortgage on the Williams Street property in favor of Defendant Ameriquest Mortgage Company ("Ameriquest"). In September, 2007, Defendant Citi Residential Lending Inc. ("CitiRL") took over the servicing of the mortgage. On February 11, 2009, the mortgage was assigned to Defendant Deutsche Bank National

-1-

Trust Company, acting as Trustee for Defendant Ameriquest Mortgage Securities, Inc. The mortgage was reassigned on May 1, 2009 to Deutsche Bank National Trust Company "as Trustee in trust for the benefit of the Certificateholders for Asset-Backed Pass Through Certificates Series 2003-9 ('Deutsche Bank for Certificateholders')." *See Assignment of Mortgage, Docket #12, Exhibit 3.*

It is uncontested that Defendant American Home Mortgage Servicing, Inc." ("AHMSI") currently "services the loan for Deutsche Bank for Certificateholders." *See Defendant Potestivo's Motion to Dismiss, Docket #12, p.2.* Upon Plaintiff's alleged default under the terms of the loan, now dismissed Defendant Potestivo & Associates, P.C. ("Potestivo") a Rochester Hills, Michigan law firm, was retained to process the foreclosure pursuant to M.C.L. § 600.3201. *Id.* The foreclosure sale, originally set for June 11, 2009, was adjourned until June 18, then a second time to June 25. Plaintiff's most recent submission in the case indicates that the foreclosure sale had not occurred as of November 2, 2009. *Plaintiff's Objection to Motion for Protective Order, Docket #43.*

On March 19, 2010, the Honorable Stephen J. Murphy, adopting my earlier Report and Recommendations, dismissed Defendants Potestivo, Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. *Docket #46.*

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is analyzed under the standards for dismissal stated in Rule 12(b)(6).[1] *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988). In assessing the sufficiency of a complaint

---

[1] Defendants properly brought motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) rather than a motion to dismiss under Rule 12(b)(6). "[A] motion under Rule 12(b)(6) could not properly lie" because Rule 12(b) requires that "[a] motion making any of these defenses shall be made before pleading." *Scheid, supra,* 859 F.2d at 436; Fed.R.Civ.P. 12(b).

under 12(b)(6), the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

## III. ANALYSIS

### A. 15 U.S.C. 1692a(6)(f)(iii)

Defendant CitiRL argues that it is not a "debt collector" as defined by the FDCPA. *Defendant's Brief* at 5-7. Alternatively, Defendant contends that even if it fell within the statutory definition of a "debt collector," Plaintiff has failed to state a violation of the Act. *Id.* at 7-8.

Under the FDCPA, only "debt collectors" are subject to liability. *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 -699 (6th Cir. 2003)(defendant bank fell "within the exception of" § 1692a(6)(F)(iii)); *see also, Waddlington v. Credit Acceptance Corp.,* 76 F.3d 103, 104 (6th Cir. 1996). Section 1692a(6) states that the term "debt collector" excludes "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."

First, the fact CitiRL serviced the loan, with nothing more, does not subject it to liability under the FDCPA. *Bridge v. Ocwen Federal Bank*, 669 F.Supp.2d 853, 858 (N.D.Ohio 2009)(*citing Montgomery, supra*). Second, Plaintiff, having failed to respond to this motion, does not dispute that the mortgage was not in default while CitiRL was servicing the account between October, 2007 and February 11, 2009. *Defendant's Exhibits* 4-6. Because Defendant fell outside the definition of "debt collector" pursuant to §

1692a(6)(F)(iii), the Court need not consider whether CitiRL was required "validate" the debt under the statute. *Id.*

### B. IIED

Count II of the Complaint alleges a state law claim of intentional infliction of emotional distress. To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999). *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. This is a demanding standard: It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The Complaint, liberally construed against this Defendant, alleges that CitiRL's violations of the FDCPA created emotional distress. Even assuming that CitiRL was both subject to the requirements of the FDCPA and had failed to comply with the Act, this by itself would not constitute "outrageous behavior." The claim against CitiRL is particularly weak given that Defendant's servicing of the loan was terminated before the foreclosure proceedings began. *See Defendant's Exhibits* 4-6. As such, claims IIED claims should be dismissed.

### C. Fourteenth Amendment Violations

Consistent with my earlier findings regarding now dismissed Defendants, Plaintiff's Fourteenth Amendment claims pertaining to CitiRL are also without merit. "[A] due process violation is cognizable only when 'the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the state.'" *Docket #44* at 7-8 (*citing King v. IB Property Holdings Acquisition,* 635 F.Supp.2d 651, 659 (E.D.Mich.,2009)(Rosen, J.)(*citing Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). As a matter of law, Plaintiff cannot show that CitiRL was a "state actor."

The argument that the foreclosure proceedings were constitutionally deficient is also meritless. "'The constitutionality of foreclosure by advertisement has been reviewed and has been held valid previously by the Michigan Court of Appeals . . . the Michigan Supreme Court[,] and the United States Court of Appeals for the Sixth Circuit.'" *Ray v. Oakland County Drain Commission,* 2004 WL 2320325, *1 (6th Cir. 2004)(*citing Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994)(punctuation omitted)*. Ray,* also citing *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 28-29 (6th Cir.1975), observed that "[d]espite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure . . . no state action existed for Fourteenth Amendment purposes." *Id* Even to the extent that Plaintiff attempts to implicate CitiRL in the foreclosure proceedings, due process claims must be dismissed.

### III. CONCLUSION

For these reasons, I recommend that the Defendant's Motion for Judgment on the Pleadings or for Summary Judgment [Docket #36] be GRANTED, dismissing claims against this Defendant WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 8, 2010.

S/G. Wilson
Judicial Assistant