UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY W. MABRY, JR.

    Plaintiff,

v.

AMERIQUEST MORTGAGE COMPANY,
et al.,

    Defendants.
                                         /

Case No. 09-cv-12154

HONORABLE STEPHEN J. MURPHY, III

**ORDER AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION** (docket no. 47) **AND GRANTING CITI
RESIDENTIAL LENDING'S MOTION FOR JUDGMENT ON THE
PLEADINGS OR SUMMARY JUDGMENT** (docket no. 36)

In this action, Larry W. Mabry, Jr. alleges that the defendants -- various corporate banking and lending interests -- violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., committed the tort of intentional infliction of emotional distress under Michigan law, and violated the Fourteenth Amendment of the United States Constitution. The charges arise out of foreclosure proceedings against an investment property owned by Mabry, located at 514 Williams St. in Kalamazoo, Michigan. The Court now has before it the motion of Defendant Citi Residential Lending, Inc. ("CitiRL") for judgment on the pleadings in accordance with Fed. R. Civ. P. 12(c), or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Magistrate Judge R. Steven Whalen filed a Report and Recommendation on the motion on July 8, 2010 (docket no. 47). Judge Whalen recommended that the motion be granted and that the defendant be dismissed with prejudice from this action. For the reasons stated below, the Court will adopt Judge Whalen's Report and Recommendation.

## I. DOES MABRY'S FAILURE TO TIMELY FILE OBJECTIONS TO THE REPORT AND RECOMMENDATION BAR HIS OBJECTIONS FROM CONSIDERATION?

In his Report and Recommendation, Judge Whalen notified Mabry that under the Federal Rules, he had fourteen days to file with the Court any objections to his Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The Report was served by US Mail and via electronic means on July 8, 2010, in compliance with Fed. R. Civ. P. 5(b)(2)(C) & (E), which began the tolling of the time period. Under the rules for computing time when alternative service of a court paper is made on a party, this gave Mabry fourteen days, plus three additional days, to file his objections. *Id.* 6(d). Therefore, Mabry had to file his objections by July 26, 2010, in order for the Court to consider them before adopting Judge Whalen's Report and Recommendation. Mabry failed to meet this deadline. The "Proof of Service" to the defendants attached to the objections he filed with the court is dated July 28 or July 29, 2010. The objections were not actually filed with the Court until August 2, 2010. CitiRL asserts that the objections are therefore time-barred, and cannot be considered by the Court.

The Court, however, declines to rest its decision entirely on Mabry's failure to meet the deadline. The Sixth Circuit holds that a district court retains the authority to consider objections to a magistrate's report, even if filed late. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001); *see also Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (permitting a district court judge to decline review of late-filed objections only if the filing is "egregiously late" and causes "prejudice" to the parties). Mabry, who is proceeding pro se in this action, only missed the deadline by a few days, and he has not prejudiced CitiFL in any meaningful way by his late filing. The Court will therefore take Mabry's objections under consideration.

## II. DO MABRY'S OBJECTIONS JUSTIFY A MODIFICATION OF JUDGE WHALEN'S REPORT AND RECOMMENDATION?

Objections to a report and recommendation by a federal magistrate that are "specific" must be reviewed de novo by the Court. Fed. R. Civ. P. 72(b)(2); *see also* E.D. Mich. LR 72.1(d)(1) (requiring objectors to a report and recommendation to "specify the part of the order, proposed findings, recommendations, or report to which the party objects," and to "state the basis for the objection"). A generous reading of Mabry's objections shows that he objects to all three of the essential legal holdings Judge Whalen made in the report. *See Haines v. Kerner*, 404 U.S. 419, 420 (1972) ("[W]e hold [pro se documents] to less stringent standards than formal pleadings drafted by lawyers."). These holdings can be quickly summarized. First, Judge Whalen held that under a reading of Mabry's complaint most favorable to him, CitiRL was not a "debt collector" under the FDCPA and therefore not subject to liability under the statute. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698–99 (6th Cir. 2003). Second, insofar as the intentional infliction of emotional distress claims were based on violations of the FDCPA, Judge Whalen concluded that Mabry's claim failed to allege "extreme and outrageous" conduct under the common law of Michigan. *Graham v. Ford*, 230 Mich. App. 670, 674 (1999). Third, because of his failure to show any sort of state action, Judge Whalen found that Mabry's complaint did not make a Fourteenth Amendment claim. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Upon de novo review of Judge Whalen's Report and Recommendation, and in light of the objections made by Mabry, the Court finds that the Report and Recommendation is legally and factually correct. It should be adopted without modification.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation of July 8, 2010 (docket no. 47) is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that CitiRL's Motion for Summary Judgment on the Pleadings or for Summary Judgment (docket no. 36) is **GRANTED**. All claims against CitiFL are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 31, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2010, by electronic and/or ordinary mail.

Andrea Teets
Deputy Clerk