UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY W. MABRY,                                          No. 09–12154

                    Plaintiff,                           District Judge Stephen J. Murphy
v.                                                       Magistrate Judge R. Steven Whalen

AMERIQUEST MORTGAGE COMPANY,
*et. al.*

                    Defendants.
                                                    /

## REPORT AND RECOMMENDATION

Before the Court is Defendants Deutsche Bank National Trust Company, as Trustee for

Asset Backed Pass-Through Certificates, Series 2003-09 ("Deutsche Bank") and American Home

Mortgage Servicing, Inc.'s ("AHMSI's") Motion to Dismiss or Alternatively For Summary

Judgment [Dock. #59] filed January 7, 2011 which has been referred for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I

recommend that Defendants' motion be GRANTED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff Larry W. Mabry, Jr. filed suit on June 3, 2009, alleging violations of the Fair Debt

Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, the Fourteenth Amendment, and a

state law claim of Intentional Infliction of Emotional Distress ("IIED") regarding foreclosure

proceedings on his income property located at 514 Williams Street in Kalamazoo, Michigan.

On July 3, 2003, Plaintiff executed a mortgage on the Williams Street property in favor of

Defendant Ameriquest Mortgage Company ("Ameriquest"). In September, 2007, Defendant Citi

Residential Lending Inc. ("CitiRL") took over the servicing of the mortgage. On February 4, 2009,

Plaintiff requested validation of the loan from former Defendant CitiRL, later sending a copy of the

same request to present Defendant AHMSI. *Defendants' Exhibits E-F.* On February 11, 2009, the mortgage was assigned to current Defendant Deutsche Bank. *Id., Exhibit B.* The same day, present Defendant AHMSI acquired the servicing rights to the loan. *Id., Exhibit C.* On March 7, 2009, Plaintiff sent AHMSI a second letter, stating that it was in violation of the FDCPA. On March 18, 2009, Plaintiff sent a letter to AHMSI, again requesting validation of the debt. *Id., Exhibit H.* AHMSI responded on March 23, 2009, informing Plaintiff that he would receive a response within 60 days. *Id., Exhibit I.* Plaintiff once again requested a validation on March 25, 2009 to which AHMSI responded on March 30, again stating that researching the loan would take up to 60 days. *Id., Exhibit J.* Over the course of the next month, Plaintiff made additional written demands, including the entire loan file. *Id., Exhibits K-M.*

Upon Plaintiff's alleged default under the terms of the loan, now dismissed Defendant Potestivo & Associates, P.C. ("Potestivo") was retained to process the foreclosure pursuant to M.C.L. § 600.3201. On May 5, 2009, Potestivo submitted a foreclosure notice for publication. *Dock. #12, Exhibit 4.* Potestivo also posted the notice of foreclosure at the Williams Street property on May 11, 2009. *Id., Exhibit 5.* On May 29, 2009 AHMSI sent Plaintiff the loan validation information. *Defendants' Exhibit N.* As of the filing of the present motion, the foreclosure sale has "yet to occur." *Defendants' Brief* at 2.

Claims against all other Defendants have been dismissed. On March 19, 2010, the Honorable Stephen J. Murphy, adopting earlier Reports and Recommendations, dismissed Defendants Potestivo, Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. *Dock. #46.* On August 31, 2010, the District Court also adopted my recommendation to dismiss Defendant Citi Residential Lending Inc. *Dock. #50.*

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is analyzed under the standards for dismissal stated in Rule 12(b)(6).[1] *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir. 1988). In assessing the sufficiency of a complaint under 12(b)(6), the court must first determine whether it contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

129 S.Ct. at 1950 (internal citations omitted).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American*

---

[1]Because both Defendants have previously filed an answers to the Complaint, the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is properly brought as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). "[A] motion under Rule 12(b)(6) could not properly lie" because Rule 12(b) requires that "[a] motion making any of these defenses shall be made before pleading." *Scheid, supra,* 859 F.2d at 436; Fed.R.Civ.P. 12(b).

*Bank*, 916 F.2d 337, 341-42 (6ᵗʰ Cir. 1990). Drawing all reasonable inferences in favor of the non-

moving party, the Court must determine "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of

fact to find for the nonmoving party," there is no genuine issue of material fact, and summary

judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6ᵗʰ Cir. 2000).

### III. ANALYSIS

#### A. 15 U.S.C. 1692a(6)(f)(iii)

Defendants argue that they are not "debt collectors" as defined by the FDCPA.
*Defendants' Brief* at 6-8. Thus, they contend that claims brought under the Act must be
dismissed. *Id.*

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of

interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due another."15 U.S.C. § 1692a (6). Under the FDCPA, only "debt

collectors" as defined by the Act are subject to liability. *Montgomery v. Huntington Bank,* 346 F.3d

693, 698 -699 (6ᵗʰ Cir. 2003)(defendant bank was not a "debt collector under § 1692a(6)(F)(iii)); *see*

*also, Waddlington v. Credit Acceptance Corp.,* 76 F.3d 103, 104 (6ᵗʰ Cir. 1996). Section 1692a(6)

states that the term "debt collector" excludes "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."

### Deutsche Bank and AHMSI are not "Debt Collectors"

Neither the Complaint nor Plaintiff's grossly untimely response to the present motion alleges that Defendant Deutsche Bank is a "debt collector" as defined by § 1692a(6). Assuming that Deutsche Bank's activities regarding the loan at issue could be described as "debt collecting," it is not alleged to be collecting the debt of another, but rather, asserting its own rights as the assignee of the mortgage. § 1692a(6). Accordingly, it is not subject to liability under the FDCPA.

Further, the fact that AHMSI serviced the loan, with nothing more, does not subject it to liability under the FDCPA. *Bridge v. Ocwen Federal Bank*, 669 F.Supp.2d 853, 858 (N.D.Ohio 2009)(citing *Montgomery, supra*). Second, Defendants contends that at the time the servicing rights were acquired by AHMSI on February 11, 2009, the loan was not in default and therefore, it fell outside the definition of "debt collector" pursuant to § 1692a(6)(F)(iii). Indeed, attached to Plaintiff's response to the present motion are payment records showing that he made a January, 2009 payment less than one month before AHMSI assumed the servicing of the loan and was at most, 10 days late with his February, 2009 payment as of the date of the assignment. *Plaintiff's Exhibit C, Dock. #62.*

Even assuming that AHMSI is a "debt collector," the information provided on May 29, 2009 is more than ample to "verify" under the statute. *Plaintiff's Exhibit C, Dock. #62.* "'[V]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed; the debt collector is not required to keep detailed

files of the alleged debt.'" *Rudek v. Frederick J. Hanna & Associates,* P.C. 2009 WL 385804, *2 (E.D.Tenn. 2009)(citing *Chaudhry v. Gallerizzo,* 174 F.3d 394, 406 (4th Cir.1999). "[V]erification is only intended to 'eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Id.* at *3 (citing *Chaudhry,* at 406). "'There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt.'" *Id.*

### B. Intentional Infliction of Emotional Distress

Defendants also contend that the claim of Intentional Infliction of Emotional Distress should be dismissed. *Defendants' Brief* at 9. Even assuming the truth of Plaintiff's allegations, they note the failure to comply with FDCPA does not constitute "outrageous conduct." *Id.* (citing *Teadt v. Lutheran Church Missouri Synod,* 237 Mich. App. 567, 582; 603 N.W.2d 816 (1999)).

To establish a Michigan common law claim of intentional infliction of emotional distress, a plaintiff must show "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Graham v. Ford*, 237 Mich.App. 670, 674, 604 N.W.2d 713 (1999); *See also Roberts v. Auto-Owners Insurance Co.*, 422 Mich. 594, 374 N.W.2d 905 (1985). Liability under this theory requires that the conduct complained of "has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham*, 237 Mich.App. at 674. It is not sufficient to show that the defendant acted tortiously, intentionally, or even criminally. *Id.* The test has been described as whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

The Complaint, liberally construed against present Defendants, alleges that their violations of the FDCPA created emotional distress.  Even assuming that Defendants were both subject to the requirements of the FDCPA *and* had failed to comply with the Act, this would not constitute "outrageous behavior."  *See Girgis v. Countrywide Home Loans, Inc.* 733 F.Supp.2d 835, 852 (N.D.Ohio 2010)(falsely stating that claimants "were obligated to pay amounts that were improperly or illegally accessed" does not constitute extreme and outrageous behavior)(internal citations omitted); *Hurley v. Deutsche Bank Trust Co. Americasm* 2008 WL 373426, *6 (E.D.Mich.2008)(Edmunds, J.)(citing *Roberts*, 422 Mich. at 608-609)(dismissing IIED claim on the basis that feeling "totally lost and helpless" as a result of a home foreclosure did not "rise to the level where 'no reasonable man could be expected to endure it'").

## C. Fourteenth Amendment Violations

Finally, Defendants contend that the claims of Fourteenth Amendment due process violations should be dismissed.  *Defendants' Brief* at 10-11.

Consistent with my earlier findings regarding now dismissed Defendants, Plaintiff's Fourteenth Amendment claims against present Defendants are wholly without merit. "[A] due process violation is cognizable only when 'the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the state.'" *Dock. #44* at 7-8 (citing *King v. IB Property Holdings Acquisition,* 635 F.Supp.2d 651, 659 (E.D.Mich.,2009)(Rosen, J.)(citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).  Plaintiff cannot show that these Defendants were state actors.

The argument that the foreclosure proceedings have been constitutionally deficient is also meritless.  "'The constitutionality of foreclosure by advertisement has been reviewed and has been

held valid previously by the Michigan Court of Appeals . . . the Michigan Supreme Court[,] and the United States Court of Appeals for the Sixth Circuit.'" *Ray v. Oakland County Drain Commission,* 2004 WL 2320325, *1 (6th Cir. 2004)(citing *Cheff v. Edwards,* 203 Mich.App. 557, 513 N.W.2d 439, 441 (1994)(punctuation omitted)*. Ray,* also citing *Northrip v. Fed. Nat'l Mortgage Ass'n,* 527 F.2d 23, 28-29 (6th Cir.1975), observed that "[d]espite the existence of a statute to regulate foreclosure by advertisement in Michigan, and the involvement of the sheriff and register of deeds in the procedure . . . no state action existed for Fourteenth Amendment purposes." *Id.* To the extent that Plaintiff attempts to implicate present Defendants in the foreclosure proceedings, due process claims must be dismissed.

### III.    CONCLUSION

For these reasons, I recommend that Defendants' motion be GRANTED and that judgment be entered for Defendants.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: August 12, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 12, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 12, 2011: **Larry Mabry.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217